UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

THE UNITED STATES OF AMERICA, )
)
Plaintiff, ) No.: 17 civ 1677
)
v. )
) CIVIL COMPLAINT
UNITED STATES SEAFOODS LLC; )
SEAFREEZE ALASKA I LLC; and )
ALASKA ALLIANCE LLC; )
)
Defendants. )
_______________________________________)

Plaintiff, the United States of America, by the authority of the Attorney General, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency (EPA), hereby files this Complaint and alleges the following:

NATURE OF THIS ACTION

1. The United States brings this civil action for injunctive relief and the imposition of civil penalties under Section 113(b) of the Clean Air Act (CAA), 42 U.S.C. § 7413(b), for Defendants' violations of regulations promulgated under Section 608 of the CAA, 42 U.S.C. § 7671g, codified at 40 C.F.R. Part 82 Subpart F, on Defendants' commercial fishing and seafood processing vessels.

JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

3. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1395(a), and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), because each of the defendants resides and maintains its principal place of business in this district.

## NOTICE TO THE STATES

4. The United States has notified the states of Alaska and Washington of the commencement of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## PARTIES

5. Plaintiff is the United States of America, acting at the request of the Environmental Protection Agency (EPA).

6. Defendant United States Seafoods LLC (USS) is a commercial fishing company incorporated in the State of Washington.

7. Defendant Seafreeze Alaska I LLC (Seafreeze Alaska) is a wholly-owned subsidiary of USS and is incorporated in the State of Washington.

8. At all times relevant to this Complaint, Defendant Alaska Alliance LLC (Alaska Alliance) was a wholly-owned subsidiary of USS which was incorporated in the State of Washington.

## STATUTORY AND REGULATORY BACKGROUND OF THE CLEAN AIR ACT

9. Title VI of the CAA, 42 U.S.C. §§ 7671-7671q, implements the Montreal Protocol on Substances that Deplete the Ozone Layer. Title VI mandates the elimination or control of emissions of substances, known as class I and class II ozone-depleting substances, which are known or reasonably anticipated to cause or significantly contribute to harmful effects on the stratospheric ozone layer. Section 608a(a) and 608a(b) of the CAA list the class I and

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

class II substances subject to Title VI statutory and regulatory requirements. *See* 42 U.S.C. § 7671a(a),(b).

10. Section 608(a) of the CAA, 42 U.S.C. § 7671g(a), requires EPA to promulgate regulations establishing standards and requirements regarding the use and disposal of class I and class II ozone-depleting substances during the service, repair, or disposal of refrigeration appliances. EPA has promulgated regulations pursuant to this authority, which are codified at 40 C.F.R. Part 82, Subpart F, 40 C.F.R. §§ 82.150-82.166 (Recycling and Emissions Reduction) (Subpart F).

11. At all times relevant to this Complaint, Subpart F requirements applied to "industrial process refrigeration" defined as, *inter alia*, complex customized appliances used in the chemical, pharmaceutical, petrochemical and manufacturing industries, including industrial ice machines. These appliances are directly linked to the industrial process. *See* 40 C.F.R. §§ 82.152, 82.156(j) (2012).

12. At all times relevant to this Complaint, Subpart F defined an "appliance" as "any device which contains and uses a refrigerant and which is used for household or commercial purposes, including any air conditioner, refrigerator, chiller, or freezer." 40 C.F.R. § 82.152 (2012).

13. At all times relevant to this Complaint, Subpart F defined "refrigerant" as "any substance consisting in part or whole of a class I or class II ozone-depleting substance that is used for heat transfer purposes and provides a cooling effect." 40 C.F.R. § 82.152 (2012).

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

14. At all times relevant to this Complaint, Subpart F imposed the following requirements on owners and operators of industrial process refrigeration equipment normally containing 50 pounds or more of refrigerant:

a. Repairs of leaks from an appliance if the annualized leak rate exceeds 35 percent (i.e., a leak rate such that the appliance would lose more than 35 percent of its full charge in a 12-month period), as calculated pursuant to 40 C.F.R. § 82.152 (2012). Such repair must occur within 30 days of when the leak is discovered, or, if the owners intentionally shielded themselves from information which would have revealed a leak, within 30 days after when the leaks should have been discovered, unless granted additional time pursuant to 40 C.F.R. § 82.156(i)(2012). 40 C.F.R. § 82.156(i)(2)(2012); 40 C.F.R. § 82.156(i)(9)(2012).

b. Where the annualized leak rate cannot be brought below 35 percent, the owner and operator must document all repair efforts, and notify EPA as to the reason the leak was not brought below the 35 percent annualized rate. 40 C.F.R. § 82.156(i)(2)(2012).

c. Performance of an initial verification test to establish that repairs of leaks with annualized leak rates over 35% are successful (i.e., that the annualized leak rate was brought below 35 percent). 40 C.F.R. § 82.156(i)(3) (2012).

d. Performance of a follow-up verification test within 30 days after the initial verification test to confirm that the leak has been repaired. 40 C.F.R. § 82.156(i)(3) (2012).

e. Retention of records documenting all service to each industrial process refrigeration appliance including the date and type of service, as well as the quantity of refrigerant added. In cases where owners or operators add their own refrigerant, they must keep records of the refrigerant purchased and added, including the dates when refrigerant is added. 40 C.F.R. § 82.166(k).

15. Section 113(b)(2) of the CAA, 42 U.S.C. § 7413(b)(2), authorizes the United States to commence a civil action for a permanent or temporary injunction, and to assess civil penalties of not more than $25,000 per day for each violation, whenever a person has violated or is in violation of any requirement or prohibition of Title VI of the CAA, including, but not

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

limited to, a requirement or prohibition of any rule, order, waiver or permit promulgated, issued or approved under the CAA.

16. The statutory maximum civil penalty for enforcement actions under Section 113(b) of the CAA has been increased up to $37,500 per day for each violation occurring between January 12, 2009, and December 6, 2013, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008), codified at 40 C.F.R. Part 19.

## GENERAL ALLEGATIONS

17. R-22 is a class II ozone-depleting substance and is a "refrigerant" within the meaning of 40 C.F.R. § 82.152 (2012).

18. At all times relevant to this Complaint, Defendant Seafreeze Alaska has owned, and Defendants Seafreeze Alaska and USS have operated, the aquatic fishing vessel known as the Seafreeze Alaska (USCG # 517242).

19. At all times relevant to this Complaint, Defendant Seafreeze Alaska has owned and Defendants USS and Seafreeze Alaska have operated "industrial process refrigeration" equipment on the Seafreeze Alaska (Seafreeze Appliance) within the meaning of 42 U.S.C. § 7176g(c)(2)(2012) and 40 C.F.R. § 82.152(2012).

20. At all times relevant herein, the Seafreeze Appliance normally contained 50 pounds or more of R-22.

21. At all times relevant herein, Defendant Alaska Alliance has owned, and

Defendants Alaska Alliance and USS have operated, the aquatic fishing vessel known as the Alliance (USCG # 622750).

22. At all times relevant to this Complaint, Defendant Alaska Alliance has owned, and Defendants USS and Alaska Alliance have operated on the Alliance "industrial process refrigeration" equipment (Alliance Appliance) within the meaning of 42 U.S.C. § 7176g(c)(2)(2012) and 40 C.F.R. § 82.152 (2012).

23. At all times relevant to this Complaint, the Alliance Appliance normally contained 50 pounds or more of R-22.

## FIRST CLAIM FOR RELIEF
**Claim against Defendants USS and Seafreeze Alaska for Violations of 40 C.F.R. § 82.156(i) and (k) with respect to the Seafreeze Appliance**

24. Paragraphs 1 through 23 of this Complaint are incorporated by reference as if fully set forth herein.

25. At all times relevant to this Complaint, Subpart F regulations codified at 40 C.F.R. § 82.156 and 166 (2012) applied to Defendants Seafreeze Alaska and USS, as owners and operators of the Seafreeze Alaska vessel and Seafreeze Appliance which normally contained 50 pounds or more of refrigerant.

26. On one or more occasions during calendar year 2012, the Seafreeze Appliance had leaks of R-22 with annualized leak rates of 35 percent or greater as calculated pursuant to 40 C.F.R. § 82.152 (2012).

27. On one or more occasions during calendar year 2012, Defendants USS and Seafreeze Alaska did not repair leaks of R-22 from the Seafreeze Appliance with annualized leak

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

rates of 35 percent or greater within 30 days of when the leaks were discovered or should have been discovered in violation of 40 C.F.R. § 82.156(i)(2) & (i)(9) (2012).

28. On one or more occasions during calendar year 2012, Defendants USS and Seafreeze Alaska did not conduct initial verification tests to assure that leaks of R-22 from the Seafreeze Appliance with annualized leak rates of 35 percent or greater had been repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(3)(2012).

29. On one or more occasions during calendar year 2012, Defendants USS and Seafreeze Alaska did not conduct follow-up verification tests to assure that leaks of R-22 from the Seafreeze Appliance with annualized leak rates of 35 percent or greater had been repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(3)(2012).

30. On one or more occasions during calendar year 2012, Defendants USS and Seafreeze Alaska did not notify EPA that leaks of R-22 from the Seafreeze Appliance with annualized leak rates of 35 percent or greater were not repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(2).

31. On one or more occasions during calendar year 2012, Defendants USS and Seafreeze Alaska did not keep all records of service to the Seafreeze Appliance, which document the date and type of service, as well as the quantity of R-22 added, or repair attempts, in violation of 40 C.F.R. §§ 82.156(i)(2)(2012) and 82.166(k)(2012).

32. Defendants USS and Seafreeze Alaska are liable for a civil penalty of up to $37,500 per day for each violation of Subpart F, 40 C.F.R. § 82.156(i) and (k), described in Paragraphs 25 through 31 above pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b),

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

and the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008), codified at 40 C.F.R. Part 19.

## SECOND CLAIM FOR RELIEF
### Claim against Defendants USS and Alaska Alliance for Violations of 40 C.F.R. § 82.156(i) and (k) with respect to the Seafreeze Appliance

33. Paragraphs 1 through 23 of this Complaint are incorporated by reference as if fully set forth herein.

34. At all times relevant to this Complaint, Subpart F regulations codified at 40 C.F.R. § 82.156 and 166 (2012) applied to Defendants Alaska Alliance and USS, as owners and operators of the Alliance vessel and Alliance Appliance which normally contained 50 pounds or more of refrigerant.

35. On one or more occasions during calendar year 2012, the Alliance Appliance had leaks of R-22 with annualized leak rates of 35 percent or greater as calculated pursuant to 40 C.F.R. § 82.152 (2012).

36. On one or more occasions during calendar year 2012, Defendants USS and Alaska Alliance did not repair leaks of R-22 from the Alliance Appliance with annualized leak rates of 35 percent or greater within 30 days of when the leaks were discovered or should have been discovered in violation of 40 C.F.R. § 82.156(i)(2) & (i)(9) (2012).

37. On one or more occasions during calendar year 2012, Defendants USS and Alaska Alliance did not conduct initial verification tests to assure that leaks of R-22 from the

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

Alliance Appliance with annualized leak rates of 35 percent or greater had been repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(3)(2012).

38. On one or more occasions during calendar year 2012, Defendants USS and Alaska Alliance did not conduct follow-up verification tests to assure that leaks of R-22 from the Alliance Appliance with annualized leak rates of 35 percent or greater had been repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(3)(2012).

39. On one or more occasions during calendar year 2012, Defendants USS and Alaska Alliance did not notify EPA that leaks of R-22 from the Alliance Appliance with annualized leak rates of 35 percent or greater were not repaired so as to bring the annualized leak rate below 35 percent in violation of 40 C.F.R. § 82.156(i)(2).

40. On one or more occasions during calendar year 2012, Defendants USS and Alaska Alliance did not keep all records of service to the Alliance Appliance, which document the date and type of service, as well as the quantity of R-22 added, or repair attempts, in violation of 40 C.F.R. §§ 82.156(i)(2)(2012) and 82.166(k)(2012).

41. Defendants USS and Alliance Alaska are liable for a civil penalty of up to $37,500 per day for each violation of Subpart F, 40 C.F.R. § 82.156(i) and (k), described in Paragraphs 34 through 40 above pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340-75,346 (Dec. 11, 2008), codified at 40 C.F.R. Part 19.

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays that this Court will:

A. Order Defendants to immediately comply with the statutory and regulatory requirements cited in this Complaint, under the CAA;

B. Assess civil penalties against Defendants for up to the maximum amounts provided in the applicable statutes;

C. Impose such injunctive relief on Defendants as may be appropriate to mitigate the effects of Defendants' violations, and prevent any future violations of same;

D. Award the United States its costs and expenses incurred in this action; and

E. Grant such other relief and further relief as this Court may deem appropriate.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
United States Department of Justice
Environment and Natural Resources Division

ELIZABETH L. LOEB
Senior Attorney
DANICA ANDERSON GLASER
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611

Washington, D.C. 20044
Phone: (202) 616-8916
Email: elizabeth.loeb@usdoj.gov

ANNETTE L. HAYES
United States Attorney

/s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: (206) 553-7970
e-mail: brian.kipnis@usdoj.gov

OF COUNSEL:

CHARLES MIKALIAN
Assistant Regional Counsel
U.S. Environmental Protection Agency
77 W. Jackson Blvd., C-14J
Chicago, IL 60604
Tel.: (312) 886-2242
Fax: (312) 692-2115
mikalian.charles@epa.gov

Complaint

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 616-8916

11